UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MENACHEM TEITLEBAUM
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

      -against-

CAPITAL RESOURCE MANAGEMENT, INC.

                        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Menachem Teitlebaum seeks redress for the illegal practices of Capital Resource Management, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Merrick, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Menachem Teitlebaum*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about November 8, 2016 and January 12, 2017, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

11. The January 12, 2017 in particular, stated the following: "Your account has been forwarded to our legal counsel and is currently under review. As of this date you have failed to remit the $1,087.00 that you owe to our client. As a result of you failure to pay your debt, all available options are being considered to collect on this debt including legal action. If a lawsuit is instituted we will seek the maximum interest and fees as permitted by law."

12. On January 18, 2017, following the Defendant's review of Plaintiff's Class Action Complaint, the Defendant's counsel, Laura J. Lowenstein & Associates, LLC stated that the Creditor Dr. Lawrence Tessler, DPM, PLLC was seeking to file a lawsuit against Mr. Teilebaum, to obtain the amount due, and any accruing interest, costs and attorneys' fees, as per the alleged contract.

13. Such a statement by the Defendant's counsel was deceptive and misleading as it implied that the Defendant's November 8, 2016 letter merely identified the "BALANCE," yet

failed to disclose that the balance may increase due to interest and fees.

14. The Plaintiff was left uncertain as to whether the "BALANCE" was accruing interest as there was no disclosure that indicated otherwise.

15. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

16. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, as Defendant had warned as such, in the January 12, 2017 letter, a consumer who pays the "BALANCE" stated in the November 8, 2016 letter will not know whether the debt has been paid in full.

17. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

18. Specifically, the Plaintiff received a subsequent collection letter from the Defendant which informed him that Defendant would seek the maximum interest and fees, in the event that a lawsuit was instituted by the Defendant against him.

19. The statement of a "BALANCE", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

20. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is

embodied in Section 1692e.

21. Collection notices that state only the "BALANCE," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

22. The Plaintiff and the least sophisticated consumer would be led to believe that the "BALANCE" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

23. In fact, however, interest was accruing daily as implied by the above statement from Defendant's counsel.

24. A consumer who pays the "BALANCE" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

25. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

26. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

27. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or

      attempt to collect any debt or to obtain information concerning a consumer.

28. The said letters are standardized form letters.

29. Upon information and belief, the Defendant's collection letters, such as the said collection letters, number in the hundreds.

30. Defendant's November 8, 2016 and January 12, 2017 letters is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

31. The Plaintiff had hired an attorney with regard to the above mentioned debt, and his attorney, Adam J. Fishbein, Esq. had brought this action to the attention of the Defendant for claims under the FDCPA.

32. Following the Plaintiff's attorney's correspondence with the Defendant, the Defendant attempted to contact the Plaintiff directly, sending him collection letters, although aware that the Plaintiff was represented by counsel.

33. Section 1692b of the FDCPA provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –
>
> (6) After the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector.
>
> Section 1692c of the FDCPA provides:
>
> (a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent

> jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

34. Defendant's conduct aggravated and harassed the Plaintiff.

35. Upon information and belief, the Defendant has repeatedly engaged in similar harassing conduct.

36. The Defendant knew or should have known that its actions violated the FDCPA.

37. Defendant violated 15 U.S.C. §§ 1692b(6) and 1692c(a)(2) of the FDCPA for communicating with the Plaintiff, though the Defendant had the knowledge that Plaintiff was represented by an attorney.

38. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

39. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

40. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

41. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

42. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

43. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

45. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

46. As an actual and proximate result of the acts and omissions of Capital Resource Management, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

47. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty six (46) as if set forth fully in this cause of action.

48. This cause of action is brought on behalf of Plaintiff and the members of two classes.

49. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about November 8, 2016 and January 12, 2017; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to Lawrence Tesser, DPM, PLLC; and (b) the collection letters were

not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

50. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff; (b) the collection letters was sent to a consumer seeking payment of a personal debt purportedly owed to Lawrence Tesser, DPM, PLLC; and (c) the collection letters were not returned by the postal service as undelivered; and (d) the Plaintiff asserts the Defendant violated 15 U.S.C. §§ 1692b(6) and 1692c(a)(2) of the FDCPA for communicating with the Plaintiff though the Defendant had the knowledge that Plaintiff was represented by an attorney.

51. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

  D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

52. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

53. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

54. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

55. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

56. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
October 16, 2017

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein (AF-9508)

 **Capital Resource Management, Inc.** 2005 Merrick Road, Ste. 116
Merrick, NY 11566
www.crmcollect.com
Tel 516-442-4045
Fax 516-430-5015
Toll Free 1-844-277-3277

November 8, 2016      ACCOUNT STATUS: Pre-Legal

PERSONAL AND CONFIDENTIAL

MENACHEM TEITLEBAUM
815 JEFFERSON ST.
WOODMERE, NY 11598



C.R.M. FILE# .....................: 18776      BALANCE .........: $1,087.00
CREDITOR ACCOUNT# ....: N/A
CREDITOR: Lawrence Tesser, DPM, PLLC

Dear MENACHEM TEITLEBAUM,

This is your final opportunity to settle this account prior to it being forwarded to our legal counsel for review. Since, to date, you have failed to remit the $1,087.00 that is owed, all available options are being considered to collect on this debt including legal action.

In an effort to amicably resolve this matter, we are offering you the following options to settle your account for less than the full balance:

_____ **OPTION I:** One (1) payment in the discounted amount of     $989.17 as settlement of this debt.

_____ **OPTION II:** Three (3) equal payments in the discounted amount of     $344.21 each as settlement of this debt. Payments can be no more than thirty (30) days apart. If, for any reason, a payment is not made on time, this installment plan shall automatically terminate and your full non-discounted Account Balance, less any payments made, shall be immediately due and owing.

To receive this offer initial one option above and send your check or money order **payable to Capital Resource Management, Inc. to the letterhead address**. Failure to send your payment to Capital Resource Mangement will render this offer null and void. This offer expires **FOURTEEN (14) DAYS** from the date of this notice

     **NOTICE: WE ARE NOT OBLIGATED TO RENEW THIS OFFER AND IF YOU FAIL TO SATISY THIS DEBT ACTION MAY BE BROUGHT AGAINST YOU WITHOUT FURTHER NOTICE.
YOU ARE ADVISED TO BE GUIDED ACCORDINGLY**

*D. Taylor*
Collections Manager

**LEGAL NOTICES**
THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
> INFORMATION ON A PAST DUE ACCOUNT MAY BE FURNISHED TO A NATIONAL CREDIT REPORTING AGENCY FOR INCLUSION ON THE DEBTOR'S PERSONAL CREDIT PROFILE.
> NYC Dep't. of Consumer Affairs License No. 1398052
> NOTICE: CAPITAL RESOURCE MANAGEMENT, INC. FURNISHES CONSUMER INFORMATION TO NATIONAL CREDIT REPORTING AGENCIES. CONSUMERS MAY WRITE TO THE LETTERHEAD ADDRESS TO REPORT INACCURATE INFORMATION.



**Capital Resource Management, Inc.**

2005 Merrick Road, Ste. 116
Merrick, NY 11566
www.crmcollect.com
Tel 516-442-4045
Fax 516-430-5015
Toll Free 1-844-277-3277

DATE OF NOTICE:  January 12, 2017

ACCOUNT STATUS ...: Legal Review

PERSONAL AND CONFIDENTIAL

MENACHEM TEITLEBAUM
815 JEFFERSON ST.
WOODMERE, NY 11598



C.R.M. FILE# .....................: 18776
CREDITOR ACCOUNT# ....: N/A
CREDITOR: Lawrence Tesser, DPM, PLLC

BALANCE .........: $1,087.00

**THIS LETTER CONTAINS IMPORTANT NOTIFICATIONS AND DISCLOSURES AS REQUIRED BY LAW**

Dear MENACHEM TEITLEBAUM,

Your account has been forwarded to our legal counsel and is currently under review. As of this date you have failed to remit the $1,087.00 that you owe our client. As a result of your failure to pay your debt, all available options are being considered to collect on this debt including legal action. If a lawsuit is instituted we will seek the maximum interest and fees as permitted by law.

As a final effort to amicably resolve this matter and avoid the potential for any further action against you, we are offering you the following option to settle your account for less than the full balance:

>>> One (1) payment in the discounted amount of    $1,032.65 as settlement of this debt.

This offer expires **FOURTEEN (14) DAYS** from the date of this notice. To receive this offer you must send your check or money order  **payable to Capital Resource Management, Inc. to the letterhead address** and include your File# on the face of your payment. Failure to send your payment to Capital Resource Mangement will nullify this offer.

**NOTICE:** WE ARE NOT OBLIGATED TO RENEW THIS OFFER AND IF YOU FAIL TO SATISFY THIS DEBT ACTION MAY BE BROUGHT AGAINST YOU WITHOUT FURTHER NOTICE.
YOU ARE ADVISED TO BE GUIDED ACCORDINGLY.

*B. Taylor*
Collections Manager

---

**LEGAL NOTICES**
THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
> INFORMATION ON A PAST DUE ACCOUNT MAY BE FURNISHED TO A NATIONAL CREDIT REPORTING AGENCY FOR INCLUSION ON THE DEBTOR'S PERSONAL CREDIT PROFILE
> NYC Dep't. of Consumer Affairs License No. 1398052
> FCRA NOTICE: CAPITAL RESOURCE MANAGEMENT, INC. FURNISHES CONSUMER INFORMATION TO NATIONAL CREDIT REPORTING AGENCIES. CONSUMERS MAY WRITE TO THE LETTERHEAD ADDRESS TO REPORT INACCURATE INFORMATION.